Joseph Wisner, Respondent, v. Westchester Lighting Company et al., Appellants, and Garafano Construction Co., Inc., et al., Respondents.— Appeal by defendants Garafano Construction Co., Inc., and Westchester Lighting Company from a judgment in favor of plaintiff in an action for damages for personal injuries alleged to have been caused by the negligence of said defendants in failing to make reasonably safe a portion of a public street after the installation of a gas pipe line. Appeal by the defendant Westchester Lighting Company from an order and judgment (one paper) dismissing its cross complaints against the other defendants. Judgment in favor of plaintiff reversed on the law and the facts and new trial granted, without costs. Order and judgment (one paper) dismissing the cross complaints reversed on the facts and new trial granted, without costs. The finding of negligence on the part of the appellants was contrary to the weight of the evidence and the verdict was excessive. It was error to exclude evidence tending to show the interest of the witnesses employed by the City of Mount Vernon. The implied finding by the Trial Justice that the Westchester Lighting Company was guilty of active negligence was contrary to the weight of the evidence. MacCrate, Schmidt and Beldock, JJ., concur; Murphy, J., concurs in result; as to the judgment on the grounds that defendants should have been allowed to disclose the interest of plaintiff's employer and that the verdict is excessive, and as to the order and judgment (one paper) on the cross complaints on the ground that a determination should await the result of the main action; Adel, Acting P. J., concurs for reversal of the judgment, but dissents from the granting of a new trial and votes to dismiss the amended complaint, with the following memorandum: Plaintiff, an employee of the City of Mount Vernon, in the course of his work, stepped upon the ground of a mall situated between two roadways on a public street. The ground caved in, and the plaintiff fell into a cavity and was injured. Several weeks prior to the accident appellants had installed a gas pipe line some six feet below the surface of the ground in the mall, and part of the cavity into which plaintiff fell was part of the trench in which the gas pipe line was laid. The case was submitted to the jury on the theory that the trench had been negligently backfilled and on the theory that the defendants should have known of the defective condition of a sewer line 30 feet below the surface of the mall, and, presumably, should have taken some action in respect of the sewer. The accident happened on February 2, 1948, when there was a foot of snow on the ground, following the series of record high snowfalls which commenced on December 26, 1947. The jury rendered a general verdict in favor of plaintiff for $60,000. No cause of action for negligent backfill was established by the evidence. There is no evidence that the backfill, as actually performed, was the cause of the "cave-in". The theory of negligence based on a defective sewer line, which was pleaded at the end of the entire case, should not have been submitted to the jury. On the facts it should be held as matter of law that appellants had no duty to examine the sewer line or further to test the earth between the levels of the sewer line and the gas line. As I am of the opinion that the amended complaint should be dismissed, I am also of the opinion that the order and judgment (one paper) dismissing the cross complaints should be affirmed.